# EXHIBIT    A

# PEDLEY ZIELKE GORDINIER & PENCE PLLC

2000 MEIDINGER TOWER
462 SOUTH FOURTH AVENUE
LOUISVILLE, KENTUCKY  40202-2555
(502) 589-4600
**JHD DIRECT FAX (502) 214-3158**
**MAIN FAX (502) 584-0422**

## FAX TRANSMITTAL

Date : 8/16/2004

To : Joe Hardesty

Fax Number : 5876391

From : John Dwyer

Pages : 6

Message:  Here is the attachment I mentioned.

**EXHIBIT**

tabbies

*A*

The material transmitted and communicated herein ("communication") is intended only for the use of the individual or entity to which it is addressed, and may contain information that constitutes work product, or is subject to attorney client privilege, or is confidential and exempt from disclosure under applicable law.  If the reader of this communication is not intended recipient, or the employee or agent responsible for delivering this communication to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. Postal Service.  Thank you.

IF TRANSMITTAL WAS NOT RECEIVED IN ITS ENTIRETY, PLEASE CALL THE SENDER.

## L&W/Acuity

| Date | Description | Atty | Hours | Total |
|------|-------------|------|-------|-------|
| 06/25/99 | Preparation of statement of lien for filing with Franklin County clerk. | KAH | 2.00 | $250.00 |
| 05/21/03 | Memorandum concerning Kentucky U.C.C. and priority of lien creditor's claim over a secured party's interest under Article 9's Demand contract between Star Construction and Cabinet for Finance and Administration. | SAH | 2.00 | 180.00 |
| 05/29/03 | Review of lien filings for jobs outside Jefferson County for Bowling Green project | LJZIII | 0.60 | 90.00 |
| 05/29/03 | Determine the proper venue for obtaining liens from Warren County or Franklin County including contact with each clerk regarding their procedures. | SAH | 1.50 | 135.00 |
| 05/29/03 | Review of lien filings for jobs outside Jefferson County for Bowling Green project. | LJZIII | 0.60 | 90.00 |
| 06/02/03 | Draft memorandum concerning the liens to file on L&W Supply's behalf; include discussion of findings of investigation in Bowling Green. | SAH | 1.50 | 135.00 |
| 06/03/03 | Draft lien to be filed in L&W's favor against the W.K.U. Journalism and Technological building. | SAH | 1.50 | 135.00 |
| 06/04/03 | Revise lien and draft correspondence to accompany notice; review further authority on proper service of notice. | SAH | 2.50 | 225.00 |

| 06/04/03 | Meeting with clients; drafting joint check forms and lien releases; update lien schedule; review bond for WKU job; call VanMaur contractor in Indiana. | SAH | 2.00 | 300.00 |
|---|---|---|---|---|
| 06/05/03 | Mileage reimbursed to Seth Hancock for travel to search for lien, check #12259. | LJZIII | | 82.80 |
| 06/05/03 | Work on lien filing per client instructions. | LJZIII | 0.50 | 75.00 |
| 06/09/03 | Draft and revise correspondence/notice to fulfill requirements of filing against payment bond. | SAH | 0.50 | 45.00 |
| 06/09/03 | Draft and send lien notice and statement to Warren County clerk, Hawksley, and state of Kentucky; make claim on bond and advise surety, state, start and surety counsel. | LJZIII | 2.25 | 337.50 |
| 06/19/03 | Mark all appropriate documents to send to surety company on the Journalism building at WKU. | SAH | 1.50 | 135.00 |
| 06/25/03 | Review documentation for claim and enclose supporting documents to Acuity; draft Acuity letter. | LJZIII | 1.50 | 225.00 |
| 08/08/03 | Coordinate further on WKU lien; revise file; revise general account job lien notices. | SAH | 2.00 | 180.00 |
| 08/12/03 | Teleconferences and correspondence to Acuity | JHD | 3.50 | 665.00 |
| 08/21/03 | Deal with bonding agent and bonding company to file claim on Drywall Acoustics bond; start drafting Hawksley's discovery requests. | LJZIII | 0.75 | 112.50 |
| 08/21/03 | Draft deposition notice CR 30.02 (6); draft subpoena duces tecum for Neal Bond Agency; draft motion and order for Judge Wine to approve leave of court to depose and serve Neal Bond Agency; negotiate with Neal; continue work on lien statements. | LJZIII | 4.50 | 675.00 |

| 08/21/03 | Prepare suit v. International; subpoena Neal for bond; teleconferences with court regarding same; teleconferences with International and counsel; work on liens. | JHD | 5.00 | 950.00 |
|---|---|---|---|---|
| 08/21/03 | Filing fees paid to Jefferson Circuit Court, Check #12613 for Acuity. | | | 143.00 |
| 08/22/03 | Prepare liens; review Int. Fid Suit. | JHD | 2.00 | 380.00 |
| 08/25/03 | Finish and file Int. Fid. Sit and associated correspondence. | JHD | 1.75 | 332.50 |
| 08/25/03 | Filing fees paid to U.S. District Court Clerk, Check #12650 for complaint. | | | 150.00 |
| 08//26/03 | Review and draft correspondence regarding Acuity; teleconferences regarding multiple liens. | JHD | 1.75 | 332.50 |
| 09/24/03 | Teleconferences with Acuity attorney; office conference with L.J. Zielke. | JHD | 1.00 | 190.00 |
| 09/25/03 | Telephone conference regarding lien collections; review acuity suit; work on discovery. | JHD | 1.50 | 285.00 |
| 10/20/03 | Correspondence and telephone conference regarding bond suits; draft motion to consolidate. | JHD | 2.75 | 522.50 |
| 11/14/03 | Finish and file motion to consolidate; correspondence regarding deficient discovery responses | JHD | 3.00 | 570.00 |
| 11/15/03 | Correspondence on bond suits. | JHD | 0.75 | 142.50 |
| 11/17/03 | Finish and serve consolidation motions. | JHD | 1.50 | 285.00 |
| 11/19/03 | Draft, edit and send more discovery requests to International Fidelity. | LJZIII | 0.50 | 75.00 |
| 12/03/03 | Telephone conferences regarding Hawksley deposition; Bond suit. | JHD | 0.50 | 95.00 |
| 12/12/03 | Telephone conference with Tim Martin regarding international lien; telephone conference with Craig regarding same; office conference with L.J. Zielke. | JHD | 0.75 | 142.50 |
| 12/23/03 | Review Acuity documents; preparation for deposition. | JHD | 2.50 | 475.00 |

| 12/30/03 | Review Acuity documents; telephone conference regarding Simon. | JHD | 2.00 | 380.00 |
|----------|------------------------------------------------------------------|-----|------|--------|
| 01/05/04 | Review Acuity documents. | JHD | 1.50 | 285.00 |
| 01/29/04 | Telephone conference with International Fidelity Bond counsel, Martin; review file. | JHD | 0.75 | 142.50 |
| 01/30/04 | Telephone conference regarding Walgreens; International Bond; research on tax | JHD | 2.00 | 380.00 |
| 02/02/04 | Continued research focused on the availability of contract interest as damages within the auspices of a payment bond. | JH | 1.00 | 90.00 |
| 02/02/04 | Office conference regarding/Acuity/Int. suit; revise research. | JHD | 0.75 | 142.50 |
| 02/03/04 | Continued and concluded research on the liability of a surety on a payment bond for contract interest; drafted memo regarding findings and submitted to John Dwyer. | JH | 3.00 | 270.00 |
| 02/19/04 | Draft correspondence to International Fidelity counsel. | JHD | 1.00 | 190.00 |
| 02/23/04 | Correspondence to International Fidelity's attorney and office conference. | JHD | 1.25 | 237.50 |
| 02/24/04 | Research availability of attorney fees and contractual interest as part of a surety's obligation under a payment bond. | JH | 5.00 | 450.00 |
| 03/21/04 | Correspondence regarding settlement offer. | JHD | 0.75 | 142.50 |
| 03/22/04 | Correspondence regarding settlement; review claims. | JHD | 1.00 | 190.00 |
| 03/30/04 | Research case law regarding distinction between pre-judgment and contractual interest; consulted with John H. Dwyer, Jr.; begin drafting arguments for partial motion for summary judgment. | JH | 3.00 | 270.00 |
| 03/30/04 | Correspondence to Martin regarding counter-offer. | JHD | 0.75 | 142.50 |
| 03/31/04 | Complete argument section for partial motion for summary judgment; submitted same with authorities relied on to John H. Dwyer, Jr. | JH | 1.00 | 90.00 |

4

| | | | | |
|---|---|---|---|---|
| 03/31/04 | Lexis research charges for the month of March, 2004. | | | 2.90 |
| 04/12/04 | Office conference with Jerry Higgins regarding motion for summary judgment; review file. | JHD | 0.75 | 142.50 |
| 05/19/04 | Office conference with Jerry Higgins and Adam Shadburne regarding motion for summary judgment | JHD | 0.50 | 95.00 |
| 05/21/04 | Telephone conference with Craig; office conference regarding motion for summary judgment. | JHD | 1.25 | 237.50 |
| 05/25/04 | Review spreadsheet; correspondence; telephone conferences regarding Acuity. | JHD | 1.00 | 190.00 |
| 06/01/04 | Office conference with Adam Shadburne regarding motion for summary judgment and discovery. | JHD | 1.00 | 190.00 |
| 06/01/04 | Meet with John H. Dwyer, Jr. to discuss answer to discovery; review correspondence and pleadings; draft answer to discovery. | ABS | 2.20 | 330.00 |
| 06/07/04 | Preparation for and attend pre-trial conference. | JHD | 0.75 | 142.50 |
| 06/08/04 | Prepare for and participate in pre-trial conference. | LJZIII | 0.75 | 112.50 |
| 07/14/04 | Review and verify plaintiff's responses with Craig Peyton. | MJB | 0.50 | 45.00 |
| 07/27/04 | Preparation for Olsen deposition. | JHD | 1.00 | 190.00 |
| 08/02/04 | Review expert opinion. | JHD | 0.75 | 142.50 |
| 08/03/04 | Review Acuity expert disclosure. | LJZIII | 0.50 | 75.00 |
| 08/03/04 | Review expert report; telephone conference with R.B.; preparation for Olsen deposition. | JHD | 2.00 | 380.00 |
| TOTAL: | | | 94.15 | $14,821.20 |

Complete items 1, 2, and 3. Also complete
4 if Restricted Delivery is desired.
• your name and address on the reverse
nat we can return the card to you.
ach this card to the back of the mailpiece,
on the front if space permits.

Received by (Please Print Clearly)

B. Date of Delivery

Signature
X _____  ☐ Agent
             ☐ Addressee

Article Addressed to:

Joy M. Orahood
Heritage Mutual Ins. Co.
2800 S. Taylor Dr.
Sheboygan, WI 53081

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered    ☑ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

Article Number (Copy from service label)  7099 3400 0004 0311 1198

Form 3811, July 1999        Domestic Return Receipt        102595-00-M-0952

GE, PLLC

OF COUNSEL
SCHUYLER J. OLT
KEITH A. HALL
KEITH B. HUNTER
JOSEPH M. WHITTLE

*ALSO ADMITTED FLORIDA
**ALSO ADMITTED INDIANA
***ALSO ADMITTED TEXAS
†ALSO ADMITTED CONNECTICUT, GEORGIA
& NEW YORK

June 9, 2003

VIA CERTIFIED MAIL / RETURN RECEIPT REQUESTED

Joy M. Orahood
Heritage Mutual Insurance Company
2800 S. Taylor Drive
Sheboygan, WI 53081

Re:   Heritage Mutual Insurance Company / Star Construction Inc./
      Commonwealth of Kentucky/ WKU
      Payment Bond
      CT. No: C-01080224
      CT. AMT: $11,023,000.00
      ENGR. FILE NO: PWKU0010
      ACCT. NO: 99-0200-465-D465-4H-919-0919-E703

Dear Ms. Orahood:

        Please be advised that Acoustical & Drywall Supply, Inc. hereby asserts its claim in the
payment bond referenced above. Acoustical & Drywall Supply, Inc. is a Beneficiary as defined
in the payment bond referenced above, as Acoustical & Drywall Supply, Inc. has a direct contract
with a subcontractor (Drywall Acoustics, Inc.) of the Contractor, Star Construction, Inc. In
addition, Heritage Mutual Insurance Company is obligated to Acoustical & Drywall Supply as
the Surety to Beneficiary Acoustical & Drywall Supply, Inc., since notice herein is being
provided within the time period provided by the Commonwealth of Kentucky for filing a lien
under KRS 376.230. Beneficiary Acoustical & Drywall Supply, Inc. is owed $128,554.72 by
Drywall Acoustics Inc., with the last supply date of materials furnished being May 15, 2003.

GORDINIER PLLC

Upon receipt of this claim, please make payment of all sums as listed herein or, alternatively, if any funds are in dispute, please state the basis for disputing any sums not paid.

Very truly yours,

Laurence J. Zielke III

LJZ/jlp

2

PEDLEY ZIELKE GORDINIER & PENCE, PLLC

ATTORNEYS AT LAW

2000 MEIDINGER TOWER

462 SOUTH FOURTH AVENUE

LOUISVILLE, KENTUCKY 40202-2555

(502) 589-4600

FAX (502) 584-0422

WWW.PZGP.COM

LAWRENCE L. PEDLEY *
LAURENCE J. ZIELKE *
JOHN K. GORDINIER
STEPHEN B. PENCE
WILLIAM W. STODGHILL
RONALD L. GAFFNEY *
DAVID M. PEDLEY †
JOHN H. DWYER, JR.
ILAN E. SMITH
RUTH ANN COX ***
LESTER I. ADAMS, JR.
JANICE M. THERIOT **
JAMES D. BALLINGER
NANCY J. SCHOCK
LAURENCE J. ZIELKE III *
ADAM B. SHADBURNE
BERLIN TSAI

OF COUNSEL
SCHUYLER J. OLT
KEITH A. HALL
KEITH B. HUNTER
JOSEPH M. WHITTLE

* ALSO ADMITTED FLORIDA
** ALSO ADMITTED INDIANA
*** ALSO ADMITTED TEXAS
† ALSO ADMITTED CONNECTICUT, GEORGIA
  & NEW YORK

Direct: 502/214-3120
Email: ljz@pzgp.com

June 25, 2003

Mr. Gregory T. Olsen
Acuity
2800 South Taylor Drive
Sheboygan, WI 53081

Re:   Our Client:        Acoustical & Drywall Supply, Inc.
      Claim Number:      J65223
      Bond Number:       S06563
      Your Principal:    Star Construction, Inc.

Dear Mr. Olsen:

Pursuant to your correspondence dated June 11, 2003, on the above referenced matter, enclosed is the necessary documentation for your review of our claim. If you have any further requests, please let me know.

Very truly yours,

Laurence J. Zielke, III

LJZ/jlp
Enclosure

# PEDLEY ZIELKE GORDINIER & PENCE, PLLC



**ATTORNEYS AT LAW**

2000 MEIDINGER TOWER

462 SOUTH FOURTH AVENUE

LOUISVILLE, KENTUCKY 40202-2555

(502) 589-4600

FAX (502) 584-0422

WWW.PZGP.COM

Direct: 502/214-3140
Email: jdwyer@pzgp.com

LAWRENCE L. PEDLEY *
LAURENCE J. ZIELKE *
JOHN K. GORDINIER
STEPHEN B. PENCE
WILLIAM W. STODGHILL
RONALD L. GAFFNEY *
DAVID M. PEDLEY †
JOHN H. DWYER, JR.
ILAN E. SMITH
RUTH ANN COX ***
LESTER I. ADAMS, JR.
JANICE M. THERIOT **
JAMES D. BALLINGER
NANCY J. SCHOOK
LAURENCE J. ZIELKE III *
ADAM B. SHADBURNE
BERLIN TSAI

OF COUNSEL
SCHUYLER J. OLT
KEVIN A. HALL
JOHN H. CARTER
JOHN M. WHITTLE

* ALSO ADMITTED FLORIDA
** ALSO ADMITTED INDIANA
*** ALSO ADMITTED TEXAS
† ALSO ADMITTED CONNECTICUT, GEORGIA
& NEW YORK

August 13, 2003

<u>**Via Fax and Mail: 920-208-7388**</u>

Mr. Gregory T. Olsen
ACUITY
2800 South Taylor Drive
Sheboygan, WI 53081

Re:   **Our Client:**      Acoustical & Drywall Supply
      **Claim Number:**   J65223
      **Bond Number:**    ~~S06563~~ S06463
      **Your Principal:** Star Construction, Inc.

Dear Greg:

Following up on our telephone conversation yesterday morning, I'm writing to insist that Acuity immediately comply with its obligations under bond number S06463, attached as Exhibit A, and to request a written explanation as to why Acuity has failed to comply with those obligations to date. My client, L&W Supply Corporation, d/b/a Acoustical & Drywall Supply, is a Beneficiary, as defined in the bond, as it:

1.   Had a direct contract with a subcontractor of the Contractor and;
2.   Has rights, under Kentucky law, to file a lien against funds held by the owner.

Also, pursuant to the bond, my client provided notice of its claim to Acuity, through the June 9 letter attached as Exhibit B. This letter was provided within the period of time provided by Kentucky law to file a lien against the contractor's funds. You acknowledged the receipt of this letter with your correspondence of June 11, attached hereto as Exhibit C.

Pursuant to the terms of the bond, Acuity has an obligation "in no event later than 30 days

PEDLEY ZIELKE GORDINIER & PENCE, PLLC

Mr. Gregory T. Olsen
August 13, 2003
Page 2

after the receipt of such claim" to a) pay all sums not in dispute and b) state the basis for disputing any sums not paid. Nonetheless, Acuity failed to respond within 30 days of the notice, and requested invoices, delivery tickets, copies of checks, and other documentation from our client, all of which were furnished with the letter of June 25 attached as Exhibit D. No further request for information from Acuity was forthcoming.

More than 30 additional days have passed, and Acuity has not satisfied its obligations under the bond or given any explanation for its failure to do so. During our conversation, you indicated that you were seeking information from Drywall Acoustics, Star's subcontractor, indicating whether Drywall Acoustics had paid its own suppliers out of funds Acuity has apparently paid Drywall Acoustics arising out of Star's default. As I advised you during the phone call, and have since reconfirmed with my client, Drywall Acoustics has made no payments to Acoustical Drywall & Supply on this account and, in fact, has made no payments to Acoustical Drywall & Supply whatsoever since the date of the bond claim by Acoustical Drywall & Supply. As you advised me you are aware, Drywall Acoustics has filed chapter 7 bankruptcy, and has ceased doing business. Although none of the information you mentioned has any bearing on Acuity's obligations to Acoustical Drywall & Supply, there is a golden opportunity for you to get any information you wish this Friday, when Drywall Acoustics has its §341 meeting of creditors in its bankruptcy, here in Louisville. Acuity should arrange to be represented at the meeting.

Based on the record in this matter, I'm aware of no basis in law or fact that would relieve Acuity of the obligation under its bond to pay Acoustical Drywall & Supply, regardless of whether it had made payments to Drywall Acoustics. Accordingly, please pay the undisputed amounts set forth in the invoices previously provided to Acuity or provide a written explanation to me of the basis in law or fact upon which Acuity disputes any of the sums owed Acoustical Drywall. Acoustical Drywall reserves all rights regarding Acuity's failure to comply with the bond and this letter and any response from Acuity it generates shall not be construed as a waiver of any claim against Acuity for its failure to comply with its obligations under the bond, and Acoustical Drywall reserves all of its rights to all claims, whether arising out of the bond or otherwise.

Sincerely,

John H. Dwyer, Jr.

JHD/bs
Enclosure(s)
cc:    Laurence J. Zielke, Esq.
        Laurence J. Zielke, III, Esq.
        Mr. Craig Peyton

# The Commonwealth of Kentucky

## CONTRACT MODIFICATION

| | |
|---|---|
| Page 1 of 2 | |
| Contract No. C-01080224 | |
| Modification No: XXX | |
| Requisition No: | |
| **IMPORTANT** | |
| Show Contract number on all packages, invoices, and correspondence. | |

| | | |
|---|---|---|
| Description: 99-465-0919 ES-157-01 | Sub Type: | Contract Mod-Construction |
| Effective Date: 28 Mar 2001 | Expiration Date: 28 Oct 2002 | |

| | |
|---|---|
| Administered By: GARY POSTLEWAITE, CO/OP ADM.II ARCH. | Cited Authority: KRS 45A.080 Competitive sealed bidding |
| Telephone: (502) 564-3155 ext (251 ) | Issued By: MICHELLE GIPSON, PURCH OFF PR |

Credit Card Payment: ● No ○ Yes          Card Number:

STAP CONSTRUCTION INC
61105837800
450 BROWN ST          PO BOX 1166
MADISONVILLE KY  42431

---

This section applies only to modifications of Contracts. It modifies the Contract as described:

[ ] A. This change Order is issued pursuant: (Specify authority)

[X] B. The above numbered Contract/Order is modified to reflect the administrative changes (such as changes in paying office, appropriation date, etc.) Set forth in item pursuant to the authority stated herein.

[ ] C. This supplemental agreement is entered into pursuant to authority of:

[ ] D. Other (Specify type of modification and authority)

Account Number in the extended description was incorrect. This modification is to correct it.

| Line | Description | Due Date | Quantity | Unit Issue | Unit Price | Misc | Total Price |
|---|---|---|---|---|---|---|---|
| 001 | ES-157-01 | | .0000 | Job | $.0000 | $11,023,000.00 | $11,023,000.00 |

**Extended Description**
ENGR. FILE NO. PWKU0010
ACCT. NO. 99-0200-465-D465-4H-919-0919-KU001-00Z
FED. ID. NO. 61-1058378

JOURNASLISM & TECHNOLOGY BUILDING
WESTERN KENTUCKY UNIVERSITY
BOWLING GRSEN, KENTUCKY

THIS AWARD INCLUDES THE BASE BID AND BOTH ADD
ALTERNATES FOR THE TOTAL OF $11,023,000.00.

**Additional Markings and Instructions**

FAC MGMT DIV OF CONTRACT & ADM
ATTN: KAREN GAINES, ACCT III
702 CAPITOL AVENUE
FRANKFORT KY  40601
Phone:   (502) 564-3600
Fax:     (502) 564-6622

Phone:   ( )   -   ( )
Fax:     ( )   -

**MAIL TO VENDOR**

APR 2 3 2001

DIVISION OF
CONTRACTING & ADMINISTRATION

Total Order Amount          $11,023,000.00

ENGR. FILE IN/
ACCT. NO.: 99-   465-D465-4H-919-0919-E70

Bond #S06463

# PART IV

### FINANCE AND ADMINISTRATION CABINET
### DEPARTMENT FOR FACILITIES MANAGEMENT
### DIVISION OF CONTRACTING AND ADMINISTRATION

# PAYMENT BOND

Heritage Mutual Insurance Company, Sheboygan, WI _____ as
               (Insert Proper Name of Surety)

surety ("Surety"), and Star Construction Inc. 450 Brown Street  Madisonville, Ky. 42431 as
                        (Insert Proper Name of Contractor)

principal ("Contractor"), enter into, execute this bond ("Payment Bond"), and  bind themselves

in favor of ___Commonwealth of Kentucky___ as obligee ("Owner") in the penal sum of
               (Insert Proper Name of Owner)

Eleven Million Twenty Three Thousand Dollars and No Cents   ($11,023,000.00).
                       (Insert Penal Sum)

WHEREAS, the Contractor has executed a contract with the Owner

("Construction Contract") for construction of Invitation to Bid No. ES-157-01

JOURNALISM & TECHNOLOGY BUILDING
WESTERN KENTUCKY UNIVERSITY
BOWLING GREEN, KENTUCKY
(Insert Description and Location of the Construction Project)

("PROJECT"): and,

WHEREAS, the Owner has required the Contractor to furnish this Payment Bond containing the terms and conditions set forth herein as a condition to executing the Construction Contract with the Contractor;

NOW THEREFORE, the Surety and the Contractor, both jointly and severally, and for themselves, their heirs, administrators, executors and successors agree:

1.

The Construction Contract is hereby incorporated herein and by reference made a part hereof to the same extent and effect as though it were copied verbatim herein. The Surety and the Contractor are bound for the full performance of the Construction Contract including without exception all of its terms and conditions, both express and implied, and, without limitation, specifically including Contractor's obligation to pay for labor, materials, services and equipment provided in connection with the Construction Contract performance.

2.

For purposes of this Payment Bond, Beneficiary is defined as person or entity who has actually provided labor, material, equipment, services or other items for use in furtherance of the Construction Contract, and having:

(A)     a direct contract with the Contractor; or

(B)     a direct contract with a subcontractor of the Contractor; or

(C)     rights, under the laws of the jurisdiction where the Project is located, to file a lien, a claim or notice of lien, or otherwise make a claim against the Project or against funds held by the Owner, if the Project is, or were, subject to such filing.

3.

The Surety shall not be obligated hereunder to a Beneficiary other than a Beneficiary having a direct contact with the Contractor unless such Beneficiary has given written notice of its claim to the Contractor and the Surety as follows:

(A)     the period of time provided by the jurisdiction wherein the Project is located for

(1) filing a lien, claim of lien, notice of lien, if the Project is, or were, subject to such filing (KRS 376.230), or

(2) otherwise making a claim against the Project or against funds held by the Owner; stating the amount claimed and identifying, by name and address, the person or entity to whom such labor, material, equipment, services or other items were provided.

CT. NO.: C-0108~224
CT. AMT.: $11,023,000.00
ENGR. FILE NO.: PWKU0010
ACCT. NO.: 99-0200-465-D465-4H-919-0919-E703

### 4.

In no event shall the Surety be obligated hereunder for sums in excess of the Penal Sum.

### 5.

Upon receipt of claim from a Beneficiary hereunder, the Surety shall promptly, and in no event later than 30 days after receipt of such claim, respond to such claim in writing (furnishing a copy of such response to the owner) by:

(A)    making payment of all sums not in dispute; and

(B)    stating the basis for disputing any sums not paid.

### 6.

No action shall be commenced by a Beneficiary hereunder after the passage of the longer of two (2) years following the date on which the final payment of the contract falls due or, if this bond is provided in compliance with applicable law, any limitation period provided therein. If the limitation period contained in this Paragraph is unenforceable, it shall be deemed amended to provide the minimum period for an action against the Surety on a payment bond by a third-party beneficiary thereof.

CT. NO.: C-010L .24
CT. AMT.: $11,023,000.00
ENGR. FILE NO.: PWKU0010
ACCT. NO.: 99-0200-465-D465-4H-919-0919-E703

7.

Any and all notices to the Surety or the Contractor shall be given by Certified Mail, Return Receipt Requested, to the address set forth for each party below:

SURETY:                    HERITAGE MUTUAL INSURANCE COMPANY
                           2800 S. TAYLOR DRIVE
                           SHEBOYGAN, WI 53081


CONTRACTOR:                · STAR CONSTRUCTION INC.
                           P. O. BOX 1166
                           450 BROWN STREET
                           MADISONVILLE, KENTUCKY 42431


OWNER:                     COMMONWEALTH OF KENTUCKY
                           FINANCE AND ADMINISTRATION CABINET
                           ROOM 158, NEW CAPITOL ANNEX BUILDING
                           FRANKFORT, KENTUCKY 40601


WITNESS:                                    PRINCIPAL:

                                            Star Construction, Inc.

_Julie E. Pryor_                            _E Jake Reddich_


_D.K. Bush_                                 SURETY:

                                            Heritage Mutual Insurance Company

                                            _Joy M. Orahood_
                                            (Attorney-in-Fact) Joy M. Orahood


Page 4

B210-68B
Rev. 04-05-99

BOND NO.: ___S06463___
CT. NO.: C-01080224
CT. AMT.: $11,023,000.00
ENGR. FILE NO.: PWKU0010
ACCT. NO.: 99-0200-465-D465-4H-919-0919-E703

## PART V

# FINANCE AND ADMINISTRATION CABINET
# DEPARTMENT FOR FACILITIES MANAGEMENT
# DIVISION OF CONTRACTING AND ADMINISTRATION

## PERFORMANCE BOND

Heritage Mutual Insurance Company, Sheboygan, WI _____, as

surety ("Surety"), and _Star Construction Inc.   450 Brown Street  Madisonville, Ky. 42431_
                              (Insert Proper Name of Contractor)

as principal ("Contractor"), enter into, execute this bond ("Performance Bond"), and bind

themselves in favor of Commonwealth of Kentucky as obligee ("Owner") in the penal sum
                              (Insert Proper Name of Owner)

of   Eleven Million Twenty Three Thousand Dollars and No Cents ($11,023,000.00) _____
                              (Insert Penal Sum)

    WHEREAS, the Contractor has executed a contract with the Owner ("Construction
Contract") for construction of Invitation to Bid. ES-157-01

JOURNALISM & TECHNOLOGY BUILDING
WESTERN KENTUCKY UNIVERSITY
BOWLING GREEN, KENTUCKY
        (Insert Description and Location of the Construction Project)

PB-1

**BOND NO.:** ___S06463___
**CT. NO.: C-01080224**
**CT.  AMT.: $11,023,000.00**
**ENGR. FILE NO.: PWKU0010**
**ACCT. NO.: 99-0200-465-D465-4H-919-0919-E703**

WHEREAS, the Owner has required the Contractor to furnish this Performance Bond containing the terms and conditions set forth herein as a condition to executing the Construction Contract with the Contractor.

NOW THEREFORE, the Surety and the Contractor, both jointly and severally, and for themselves, their heirs, administrators, executors and successors agree:

### 1.

The Construction Contract is hereby incorporated herein and by reference made a part hereof to the same extent and effect as though it were copied verbatim herein.  The Surety and the Contractor are bound for the full performance of the Construction Contract including without exception all of its terms and conditions, both express and implied.

### 2.

If the Contractor is in default of the Construction Contract and the Owner, by written notice to the Contractor and the Surety, declares the Contractor to be in default and terminates the right of the Contractor to proceed, the Surety shall thereupon promptly notify the Owner in writing as to which of the actions permitted to the Surety in Paragraph 3 it will take.

### 3.

Upon the default and termination of the Contractor and notice to the Contractor and Surety as provided in Paragraph 2 above, the Surety shall within 30 days proceed to take one or, at its option, more than one of the following courses of action.

(A)    Proceed itself, or through others acting on its behalf, to complete full performance of the Construction Contract including, without limitation, correction of defective and nonconforming work performed by or on behalf of the Contractor.  During such performance by the Surety the Owner shall pay the Surety from its own funds only such sums as would have been due and payable to the Contractor in the absence of the default and termination.

BOND NO.: ___S06463_____

CT. NO.: C-01080224
CT. AMT.: $11,023,000.00
ENGR. FILE NO.: PWKU0010
ACCT. NO.: 99-0200-465-D465-4H-919-0919-E703

(B)   Applicable law permitting, and with the prior written consent of the Owner, obtain bids
or proposals from contractors previously identified as being acceptable to the Owner,
for full performance of the Construction Contract. The Surety shall furnish the Owner a
copy of such bids or proposals upon receipt of same.  The Surety shall promptly select,
with the agreement of the Owner, the best responsive bid or proposal and shall
promptly tender the contractor submitting it, together with a contract for fulfillment and
completion of the Construction Contract executed by the completing contractor, to the
Owner for the Owner's execution.  Upon execution by the Owner of the contract for
fulfillment and completion of the Construction Contract, the completing contractor shall
furnish to the Owner a Performance Bond and a separate payment bond, each in the
form of those bonds previously furnished to the Owner for the project by the Contractor.
Each such bond shall be in the penal sum of the (1) fixed price for completion.  (2)
guaranteed maximum price for completions, or (3) estimated price for completion,
whichever is applicable.  The Owner shall pay the completing contractor from its own
funds only such sums as would have been due and payable to the Contractor under the
Construction Contract as and when they would have been due and payable to the
Contractor in the absence of the default and termination.  To the extent that the Owner
is obligated to pay the completing contractor sums which would not have then been due
and payable to the Contractor under the Construction Contract, the Surety shall provide
the Owner with such sums in a sufficiently timely manner that the Owner can utilize
such sums in making timely payment to the completing contractor; or.

(C)   Take any and all other acts if any, mutually agreed upon in writing by the Owner and
the Surety.

4.

In addition to those duties set forth hereinabove, the Surety shall promptly pay the
Owner all loss, costs and expenses resulting from the Contractor's default(s), including, without
limitation, fees, expenses and costs for architects, engineers, consultants, testing, surveying
and attorneys, liquidated or actual damages, as applicable, for delay in completion of the
Project, and fees, expenses and costs incurred at the direction, request, or as a result of the
acts or omissions of the Surety.

BOND NO.:____S06463____

CT. NO.: C-01080224

CT.  AMT.: $11,023,000.00

ENGR. FILE NO.: PWKU0010

ACCT. NO.: 99-0200-465-D465-4H-919-0919-E703

## 5.

In no event shall the Surety be obligated to the Owner hereunder for any sum in excess of the Penal Sum.

## 6.

The Surety waives notice of any changes to the Construction Contract including, without limitation, changes in the contract time, the contract price, or the work to be performed.

## 7.

This Performance Bond is provided by the Surety for the sole and exclusive benefit of the Owner, and, if applicable, any dual obligee designated by rider attached hereto, together with their heirs, administrators, executors, successors or assigns.  No other party, person or entity shall have any rights against the Surety hereunder.

## 8.

No action shall be commenced hereunder after the passage of the longer of two (2) years following the date on which the final payment of the contract falls due or, if this bond is provided in compliance with applicable law, any limitation period provided therein.  If the limitation period contained in the Paragraph is unenforceable, it shall be deemed amended to provide the minimum period for an action against the Surety on a performance bond.

## 9.

Any and all notices to the Surety, the Contractor or the Owner shall be given by Certified Mail, Return Receipt Requested, to the address set forth for each party below:

BOND NO.: _____ S06463 _____
CT. NO.: C-01080224
CT. AMT.: $11,023,000.00
ENGR. FILE NO.: PWKU0010
ACCT. NO.: 99-0200-465-D465-4H-919-0919-E703

SURETY:                    HERITAGE MUTUAL INSURANCE COMPANY
                           2800 S. TAYLOR DRIVE
                           SHEBOYGAN, WI 53081


CONTRACTOR:                STAR CONSTRUCTION INC.
                           P. O. BOX 1166
                           450 BROWN STREET
                           MADISONVILLE, KENTUCKY 42431


OWNER:                     COMMONWEALTH OF KENTUCKY
                           FINANCE AND ADMINISTRATION CABINET
                           ROOM 158, NEW CAPITOL ANNEX BUILDING
                           FRANKFORT, KENTUCKY 40601

                                    10.

    Any statutory limitation, which may be contractually superseded, to the contrary
notwithstanding, any action hereon may be instituted so long as the applicable statute of
limitations governing the Construction Contract has not run or expired.

WITNESS:                              PRINCIPAL:


_____             Star Construction, Inc.
                                      _____

WITNESS:                              _____


_____             SURETY:


                                      Heritage Mutual Insurance Company
                                      _____

                                      _____
                                      Joy M. Orahood, Attorney-in-Fact

                              PB-5

## Power of Attorney
### HERITAGE MUTUAL INSURANCE COMPANY

Know all men by these Presents, That HERITAGE MUTUAL INSURANCE COMPANY, a corporation duly organized under the laws of the State of Wisconsin, and having its headquarters in the City of Sheboygan, County of Sheboygan, State of Wisconsin; does hereby make, constitute and appoint JOY M. ORAHOOD AND AMI L. ROBINSON OF BRENTWOOD, TENNESSEE,

its true and lawful Attorney(s)-in-Fact, with full power and authority to each of said Attorney(s)-in-Fact, in their separate capacity if more than one is named above, to sign, execute and acknowledge any and all bonds and undertakings and other writings obligatory in the nature thereof on behalf of the Company in its business of guaranteeing the fidelity of persons holding places of public or private trust; guaranteeing the performance of contracts other than insurance policies; guaranteeing the performance of insurance contracts where surety bonds are accepted by states and municipalities, and executing or guaranteeing bonds and undertakings required or permitted in all actions or proceedings or by law allowed, ANY AND ALL BONDS AND UNDERTAKINGS.

And to bind HERITAGE MUTUAL INSURANCE COMPANY thereby as fully and to the same extent as if such bonds and undertakings and other writings obligatory in the nature thereof were signed by an Executive Officer of HERITAGE MUTUAL INSURANCE COMPANY and sealed and attested by one other of such Officers, and hereby ratifies and confirms all that its said Attorney(s)-in-Fact may do in pursuance hereof.

This Power of Attorney is valid only with the Diamond Watermark. The Power of Attorney is granted under and by authority of ARTICLE XIII of the By-Laws of HERITAGE MUTUAL INSURANCE COMPANY which became effective July 15, 1978, which provisions are now in full force and effect, reading as follows:

### RESOLUTION

WHEREAS, it is necessary in the writing of bonds that attorneys-in-fact be appointed and to facilitate the same it is in the best interest of the Corporation that the By-Law which follows be adopted:

NOW, THEREFORE BE IT RESOLVED that there shall be added to the existing By-Laws of the Corporation a By-Law which reads as follows:

ARTICLE XIII. APPOINTMENT OF ATTORNEY-IN-FACT

The president, any vice-president, the secretary or any assistant secretary shall be and is hereby vested with full power and authority to appoint attorneys-in-fact for the purpose of signing the name of the Company as surety to, and to execute, attach the corporate seal, acknowledge and deliver any and all bonds, recognizances, stipulations, undertakings or other instruments of suretyship and policies of insurance to be given in favor of any individual, firm, corporation, or the official representative thereof, or to any county or state, or any official board or boards of county or state, or the United States of America, or to any other political subdivision.

IN WITNESS WHEREOF, HERITAGE MUTUAL INSURANCE COMPANY has caused these presents to be signed and its corporate seal to be hereto affixed this __3rd__ day of _____APRIL_____ _2000_ .

HERITAGE MUTUAL INSURANCE COMPANY

_Dave Pauly_
Dave Pauly
Executive Vice-President

STATE OF WISCONSIN ) ss.
COUNTY OF SHEBOYGAN )

On this __3rd__ day of ____APRIL____ _2000_ before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said that he/she is the therein described and authorized officer of HERITAGE MUTUAL INSURANCE COMPANY, that the seal affixed to said instrument is the Corporate Seal of Said Company; that the said Corporate Seal and his/her signature were duly affixed by order of the Board of Directors of said Company.

My Commission Expires:

_2/16/2003_

_Gertrude Frei_
Notary Public

### CERTIFICATE

I, the undersigned officer of HERITAGE MUTUAL INSURANCE COMPANY, do hereby certify that the foregoing and attached Power of Attorney remains in full force and has not been revoked; and furthermore, that the Resolution of the Board of Directors, set forth in this Power of Attorney, are now in force.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the corporate seal of the said Company, this

_____ day of _____

_Sher Murphy_
Assistant Secretary

Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
Print your name and address on the reverse
so that we can return the card to you.
Attach this card to the back of the mailpiece,
or on the front if space permits.

Article Addressed to:

*Heritage Mutual Ins Co.
2800 S. Taylor Dr.
Sheboygan, WI
        53081*

☑ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☑ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)            ☐ Yes

Article Number
(Transfer from service label)   *7099 3400 0004 0313 3541*

Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

GE, PLLC

OF COUNSEL
SCHUYLER J. OLT
KEITH A. HALL
KEITH B. HUNTER
JOSEPH M. WHITTLE

*ALSO ADMITTED FLORIDA
**ALSO ADMITTED INDIANA
***ALSO ADMITTED TEXAS
†ALSO ADMITTED CONNECTICUT, GEORGIA
& NEW YORK

June 9, 2003

<u>VIA CERTIFIED MAIL / RETURN RECEIPT REQUESTED</u>

Heritage Mutual Insurance Company
2800 S. Taylor Drive
Sheboygan, WI 53081

**Re:    Heritage Mutual Insurance Company / Star Construction Inc./
        Commonwealth of Kentucky/ WKU
        Payment Bond
        CT. No: C-01080224
        CT. AMT: $11,023,000.00
        ENGR. FILE NO: PWKU0010
        ACCT. NO: 99-0200-465-D465-4H-919-0919-E703**

Dear Heritage:

Please be advised that Acoustical & Drywall Supply, Inc. hereby asserts its claim in the payment bond referenced above. Acoustical & Drywall Supply, Inc. is a Beneficiary as defined in the payment bond referenced above, as Acoustical & Drywall Supply, Inc. has a direct contract with a subcontractor (Drywall Acoustics, Inc.) of the Contractor, Star Construction, Inc. In addition, Heritage Mutual Insurance Company is obligated to Acoustical & Drywall Supply as the Surety to Beneficiary Acoustical & Drywall Supply, Inc., since notice herein is being provided within the time period provided by the Commonwealth of Kentucky for filing a lien under KRS 376.230. Beneficiary Acoustical & Drywall Supply, Inc. is owed $128,554.72 by Drywall Acoustics Inc., with the last supply date of materials furnished being May 15, 2003.

ɒLEY ZIELKE & GOꞱ ɪɴꞀEʀ PLLC

Heritage Mutual Insurance Co.
June 9, 2003
Page 2


Upon receipt of this claim, please make payment of all sums as listed herein or, alternatively, if any funds are in dispute, please state the basis for disputing any sums not paid.

Very truly yours,

Laurence J. Zielke III

LJZ/jlp

2

**Exhibit C**


**ACUITY**

June 11, 2003

Laurence J. Zielke, III
Pedley, Zielke, Gordinier & Pence, PLLC
2000 Meidinger Tower
462 South Fourth Avenue
Louisville, KY 40202-2555

RE:    Claim Number:      J65223
       Bond Number:       S06463
       Our Principal:     Star Construction, Inc.
       Obligee:           Commonwealth of Kentucky
       Project:           Western Kentucky University -
                          School of Journalism & Technology Building
       Your Client:       Acoustical & Drywall Supply, Inc.

Dear Mr. Zielke:

Receipt of your client's Notice of Claim on the above-captioned project is hereby acknowledged. We are investigating this matter with our Principal.

While we are doing so, we ask that you provide us with documentation in substantiation of your client's claim. Said documentation may include, but is not limited to, subcontract agreements, purchase orders, invoices, account statements, signed rental or delivery tickets, copies of all checks and receipts made by the Principal to your client's company, etc. Please feel free to include any other documentation that you believe to be relevant to our investigation. Once we have had an opportunity to review your documentation and complete the investigation with our Principal, we will again contact your office with our response.

This letter and our investigation are not to be construed as an admission of liability under our bond for any claims. Rather, we are proceeding with our investigation under a full reservation of rights to all involved parties.

If you have questions or concerns regarding the contents of this letter, please feel free to contact me.

Sincerely,

Gregory T. Olsen
Surety Claims Department

**Exhibit D**

PEDLEY ZIELKE GORDINIER & PENCE, PLLC

ATTORNEYS AT LAW

2000 MEIDINGER TOWER

462 SOUTH FOURTH AVENUE

LOUISVILLE, KENTUCKY 40202-2355

(502) 589-4600

FAX (502) 584-0422

WWW.PZGP.COM

LAWRENCE L. PEDLEY '
LAURENCE J. ZIELKE '
JOHN K. GORDINIER
STEPHEN B. PENCE
WILLIAM W. STODGHILL
RONALD L. GAFFNEY '
DAVID M. PEDLEY :
JOHN H. DWYER, JR.
ILAN E. SMITH
RUTH ANN COX '''
LESTER I. ADAMS, JR.
JANICE M. THERIOT ''
JAMES D. BALLINGER
NANCY J. SCHOCK
LAURENCE J. ZIELKE III '
ADAM B. SHADBURNE
BERLIN TSAI

OF COUNSEL
SCHUYLER J. OLT
KEITH A. HALL
KEITH B. HUNTER
JOSEPH M. WHITTLE

' ALSO ADMITTED FLORIDA
''ALSO ADMITTED INDIANA
'''ALSO ADMITTED TEXAS
! ALSO ADMITTED CONNECTICUT, GEORGIA
& NEW YORK

Direct: 502/214-3120
Email: ljz@pzgp.com

June 25, 2003

Mr. Gregory T. Olsen
Acuity
2800 South Taylor Drive
Sheboygan, WI 53081

Re:  **Our Client:** Acoustical & Drywall Supply, Inc.
     **Claim Number:** J65223
     **Bond Number:** S06563
     **Your Principal:** Star Construction, Inc.

Dear Mr. Olsen:

Pursuant to your correspondence dated June 11, 2003, on the above referenced matter, enclosed is the necessary documentation for your review of our claim. If you have any further requests, please let me know.

Very truly yours,

Laurence J. Zielke, III

LJZ/jlp
Enclosure

## PEDLEY ZIELKE GORDINIER & PENCE, PLLC

ATTORNEYS AT LAW

2000 MEIDINGER TOWER

462 SOUTH FOURTH AVENUE

LOUISVILLE, KENTUCKY 40202-2555

(502) 589-4600

FAX (502) 584-0422

WWW.PZGP.COM

Direct: 502/214-3140
Email: jdwyer@pzgp.com

LAWRENCE L. PEDLEY *
LAURENCE J. ZIELKE *
JOHN K. GORDINIER
STEPHEN B. PENCE
WILLIAM W. STODGHILL
RONALD L. GAFFNEY *
DAVID M. PEDLEY †
JOHN H. DWYER, JR.
ILAN E. SMITH
RUTH ANN COX ***
LESTER I. ADAMS, JR.
JANICE M. THERIOT **
JAMES D. BALLINGER
NANCY J. SCHOOK
LAURENCE J. ZIELKE III *
ADAM B. SHADBURNE
BERLIN TSAI

OF COUNSEL
SCHUYLER J. OLT
KEITH A. HALL
KEITH B. HUNTER
JOSEPH M. WHITTLE

FILE

FAXEC
* ALSO ADMITTED OHIO
** ALSO ADMITTED INDIANA
*** ALSO ADMITTED TEXAS
† ALSO ADMITTED CONNECTICUT, GEORGIA & NEW YORK

August 18, 2003

**Via Fax (920) 208-7388**

Mr. Gregory T. Olsen
ACUITY
2800 South Taylor Drive
Sheboygan, WI 53081

| | | |
|---|---|---|
| Re: | Our Client: | Acoustical & Drywall Supply |
| | Claim Number: | J65223 |
| | Bond Number: | S06563 |
| | Your Principal: | Star Construction, Inc. |

Dear Greg:

At the meeting of creditors in Drywall Acoustics, Inc.'s bankruptcy on Friday, Chris Hawklsey admitted under oath that he made no payments to Acoustical & Drywall Supply from funds received from Acuity. He also testified that he had not executed any sort of lien waiver, although that would have no bearing on Acuity's liability to Acoustical & Drywall Supply. I received your voicemail in which you indicated that "construction consultants" retained by Acuity had contacted "us." I have not been contacted by anyone from Acuity, and my client has indicated that he has had not such contact either.

Despite a timely request from an undisputed beneficiary of the bond, the provision of all requested information, and repeated demands that Acuity comply with the simple terms of its bond, Acuity has done nothing, which is not an option available to it. Unless Acuity immediately pays Acoustical & Drywall Supply $129,714.18 (representing the original $128,554.72 claim, with Kentucky's statutory 8% rate of interest applied from the date on which Acuity was bound to

Mr. Gregory T. Olsen
August 18, 2003
Page 2

respond) Acoustical & Drywall Supply will immediately file suit against Acuity both under the bond and under Kentucky's Unfair Claims Settlement Practices Act. I look forward to receiving a check for the full amount by Thursday.

Sincerely,

John H. Dwyer, Jr.

JHD/jlp

cc:    Mr. Craig Peyton

# HINSHAW & CULBERTSON
### ATTORNEYS AT LAW

BELLEVILLE, ILLINOIS
CHAMPAIGN, ILLINOIS
CHICAGO, ILLINOIS
CRYSTAL LAKE, ILLINOIS
JOLIET, ILLINOIS
LISLE, ILLINOIS
PEORIA, ILLINOIS
ROCKFORD, ILLINOIS
SPRINGFIELD, ILLINOIS
WAUKEGAN, ILLINOIS
PHOENIX, ARIZONA

222 N. LaSalle Street
Suite 300
Chicago, IL 60601-1081
312-704-3000
Facsimile 312-704-3001
www.hinshawculbertson.com

LMoelmann@hinshawlaw.com

LOS ANGELES, CALIFORNIA
SAN FRANCISCO, CALIFORNIA
FT. LAUDERDALE, FLORIDA
JACKSONVILLE, FLORIDA
MIAMI, FLORIDA
TAMPA, FLORIDA
SCHERERVILLE, INDIANA
MINNEAPOLIS, MINNESOTA
ST. LOUIS, MISSOURI
NEW YORK, NEW YORK
APPLETON, WISCONSIN
MILWAUKEE, WISCONSIN

FILE NO. 829336

WRITER'S DIRECT DIAL
312-704-3229

August 19, 2003

## VIA FACSIMILE AND U.S. MAIL

John H. Dwyer, Jr., Esq.
Pedley Zielke Gordinier & Pence, PLLG
2000 Meidinger Tower
462 South Fourth Avenue
Louisville, Kentucky 40202-2355

Re:  Claimant:    Acoustical & Drywall Supply
     Principal:   Star Construction, Inc.
     Surety:      Acuity

Dear Mr. Dwyer:

We are writing this letter in response to your correspondence of August 18, 2003. We are currently investigating the claim asserted by your client, Acoustical & Drywall Supply.

On June 3, 2003 Acuity issued a check in the amount of $138,212 to Drywall Acoustics, Inc., a copy of which check is enclosed. At the time this payment was issued, Drywall Acoustics provided to Acuity its Partial Release and Certificate of Payment, a copy of which is also enclosed. Pursuant to this Partial Release, Drywall Acoustics certified that it had paid all of its suppliers. A claim asserted by your client would be contrary to this certification.

Your letter of August 18, 2003 refers to certain statements made under oath by Chris Hawksley in the bankruptcy proceedings. In order for us to further investigate your claim, we would appreciate receipt of a copy of the transcript of that proceeding.

Under these circumstances, we also need to research Kentucky law as to whether the Partial Release and Certificate delivered by Drywall Acoustics can constitute a defense under a payment bond by a supplier. If you are aware of any cases that directly address this issue under Kentucky law, kindly provide to us the citations.

In the meantime, Acuity is continuing with its investigation of the claim by Drywall Acoustics under a full reservation of rights. Your demand that payment be made by Thursday,

John H. Dwyer, Jr., Esq.
August 19, 2003
Page 2

August 21, 2003 cannot be satisfied by that date. However, Acuity will proceed through its investigation and will contact you as soon as this investigation is completed. In the meantime, if we need additional information from you with respect to this claim, we will contact you.

      If you wish to discuss any of these matters in greater detail, please feel free to contact the undersigned.

                      Very truly yours,

                      HINSHAW & CULBERTSON

                      By:

                      Lawrence R. Moelmann

LRM/dlb
Enclosure

cc:     Mr. Greg Olson (w/o encs.)
        (via facsimile)

# PEDLEY ZIELKE GORDINIER & PENCE, PLLC

ATTORNEYS AT LAW

LAWRENCE L. PEDLEY *
LAURENCE J. ZIELKE *
JOHN K. GORDINIER
STEPHEN B. PENCE
WILLIAM W. STODGHILL
RONALD L. GAFFNEY *
DAVID M. PEDLEY †
JOHN H. DWYER, JR.
ILAN E. SMITH
RUTH ANN COX ***
LESTER I. ADAMS, JR.
JANICE M. THERIOT **
JAMES D. BALLINGER
NANCY J. SCHOOK
LAURENCE J. ZIELKE III *
ADAM B. SHADBURNE
BERLIN TSAI

2000 MEIDINGER TOWER

462 SOUTH FOURTH AVENUE

LOUISVILLE, KENTUCKY 40202-2555

(502) 589-4600

FAX (502) 584-0422

WWW.PZGP.COM
Direct: 502/214-3140
Email: jdwyer@pzgp.com

OF COUNSEL
SCHUYLER J. OLT
KEITH A. HALL
KEITH B. HUNTER
JOSEPH M. WHITTLE

*ALSO ADMITTED FLORIDA
**ALSO ADMITTED INDIANA
***ALSO ADMITTED TEXAS
†ALSO ADMITTED CONNECTICUT, GEORGIA
& NEW YORK

August 21, 2003

**VIA FACSIMILE: (973) 623-8006**
Ms. Genise Teich
International Fidelity Insurance Company
One Newark Center
Newark, NJ 07102

> **Re:    *L&W Supply Corporation d/b/a Acoustical & Drywall Supply f/k/a Tri-state Drywall Supply; Jefferson Circuit Court, Division 10; Case No: 03-CI-005705 Your Bond: OHI FSU 0287980***

Dear Ms. Teich:

This letter will confirm that I contacted your office yesterday, August 20, seeking a copy of the above referenced bond and any information necessary to submit a claim upon the bond. Your office indicated that they would provide information necessary to submit a claim under the bond, although no documentation has been forthcoming as of the date of this letter. Your office also refused to provide a copy of the bond itself, claiming that the copy in International Fidelity's possession is not "official."

In the absence of any cooperation from International Fidelity, please treat this letter as a claim, submitted effective August 20, 2003, the original date that cooperation with International Fidelity was sought, in the amount of $128,554.72, plus interest at 8% from May 15, 2003. This claim is submitted on behalf of Acoustical & Drywall Supply against Drywall Acoustics, Inc.'s bond on the above referenced project, identifying Star Construction as the obligee.

Sincerely,

John H. Dwyer, Jr.

JHD/jlp

cc:    Mr. Craig Peyton
       Mr. Richard Brittain
       L.J. Zielke, III, Esq.

# PEDLEY ZIELKE GORDINIER & PENCE, PLLC

LAWRENCE L. PEDLEY *
LAURENCE J. ZIELKE *
JOHN K. GORDINIER
STEPHEN B. PENCE
WILLIAM W. STODGHILL
RONALD L. GAFFNEY *
DAVID M. PEDLEY †
JOHN H. DWYER, JR.
ILAM E. SMITH
RUTH ANN COX ***
LESTER I. ADAMS, JR.
JANICE M. THERIOT **
JAMES D. BALLINGER
NANCY J. SCHOOK
LAURENCE J. ZIELKE III *
ADAM B. SHADBURNE
BERLIN TSAI

ATTORNEYS AT LAW

2000 MEIDINGER TOWER

462 SOUTH FOURTH AVENUE

LOUISVILLE, KENTUCKY 40202-2555

(502) 589-4600

FAX (502) 584-0422

WWW.PZGP.COM


OF COUNSEL
SCHUYLER J. OLT
KEITH A. HALL
KEITH B. HUNTER
JOSEPH M. WHITTLE



* ALSO ADMITTED
** ALSO ADMITTED
*** ALSO ADMITTED
†Also ADMITTED CONNECTICUT, GEORGIA
& NEW YORK

Direct: 502/214-3140
Email: jdwyer@pzgp.com

August 21, 2003

**Via Facsimile (312) 704-3001 & U.S. Mail**

Mr. Lawrence R. Moelamann, Esq.
Hinshawn Culbertson
222 North LaSalle St., Suite 300
Chicago, IL 60601-1081

Re:   ***Acoustical & Drywall Supply v. Acuity***

Dear Larry:

The time for Acuity to investigate L&W's claim expired more than one month ago. Despite vague representations by Mr. Olson about "construction consultants," there is no evidence that Acuity has done *anything* to investigate the completely documented claim presented by L&W.

While I certainly agree that Mr. Hawksley has acted contrary to the certification attached to your letter of August 19th, I am aware of no Kentucky law (or any law, for that matter) that would allow a payment surety to successfully defend a claim based on its payment to an upper tier subcontractor. If one of the hundreds of attorneys at your firm comes across any Kentucky authority supporting such a defense, I'd be happy to review it.

Since you've asked me for some Kentucky legal research, I will cite you to KRS 304.12-230, along with *State Farm Mutual Automobile Insurance Co. v. Reeder*, Ky., 763 S.W.2d 116 (1988) and *Whittmer v. Jones*, Ky., 864 S.W.2d 885 (1993), which should give you a taste of Kentucky's liberal third party bad faith jurisprudence and the recoverability of punitive damages under such circumstances. Those cases may be applicable in the suit against Acuity which L&W has instructed me to file, a courtesy copy of which is enclosed.

With regard to your request for a transcript of the meeting of creditors, they are not transcribed in the Western District. I have no doubt, however, that Drywall Acoustic's attorney, Fred Simon, will confirm Mr. Hawksley's testimony. He can be reached at (502) 637-6000.

PEDLEY ZIELKE GORDINIER & PENCE, PLLC

Mr. Lawrence R. Moelamann, Esq.
Page Two (2)
August 21, 2003


     If you would like to discuss settling the now multiple claims against Acuity, please give me a call.  Otherwise, I look forward to meeting you at Mr. Olson's deposition, which I would like to schedule as soon as the discovery enclosed with the complaint has been answered.

                    Sincerely,

                    John H. Dwyer, Jr.

JHD/cm
Enclosure
cc:    Mr. Richard Brittain (w/encl.)
       Mr. Craig Peyton (w/encl.)
       Laurence J. Zielke (w/encl.)
       Laurence J. Zielke III, Esq. (w/encl.)

NO. _____                    JEFFERSON CIRCUIT COURT
                                              DIVISION _____


L&W SUPPLY CORPORATION
D/B/A ACOUSTICAL & DRYWALL SUPPLY                    PLAINTIFF

v.


ACUITY, A MUTUAL INSURANCE COMPANY                   DEFENDANTS


          SERVE:      Secretary of State
                      700 Capital Avenue, Suite 152
                      Frankfort, KY 40601


          PROCESS AGENT:  Benjamin M. Salzmann
                          2800 S. Taylor Drive
                          Sheboygan, WI 53081

                          ** ** **

## COMPLAINT

        Plaintiff, L&W Supply Corporation, d/b/a Acoustical & Drywall Supply ("L&W"), by

counsel, and for its cause of action against Defendant, Acuity, A Mutual Insurance Company

("Acuity"), states as follows:

        1.      L&W is a Delaware corporation authorized to do business in the Commonwealth of

Kentucky, and doing business as Acoustical & Drywall Supply.

        2.      Acuity is a mutual insurance company domiciled in the state of Wisconsin and

authorized to issue insurance in the Commonwealth of Kentucky.

        3.      Acuity issued payment bond #SO6463 as surety for Star Construction, Inc. in favor

of the Commonwealth of Kentucky in association with the construction of the Journalism &

Technology Building at Western Kentucky University in Bowling Green, Kentucky.

        4.      Star Construction subcontracted with Drywall Acoustics, Inc., a Kentucky

corporation, to perform work on the Journalism & Technology Building.

5.      L&W supplied Drywall Acoustics, Inc. with material including but not limited to drywall, which was incorporated into the Journalism & Technology Building.

6.      Drywall Acoustics failed to pay L&W for the material supplied for incorporation in the Journalism & Technology Building in the principal amount of $128,545.72.

7.      L&W is a beneficiary of bond #S06463.

8.      On June 11, 2003, Acuity received L&W's claim under bond #S06463.

9.      Acuity acknowledged the receipt of L&W's claim by letter dated June 11, 2003

10.     L&W provided information substantiating its claim under a cover letter dated June 25, 2003.

11.     L&W provided written notice of its claim to the contractor and the surety within the period set forth in the bond.

12.     Acuity has failed to make payments of sums not in dispute and to state the basis for disputing any sums not paid within 30 days after L&W's claim.

## COUNT I - SUIT ON BOND

13.     Plaintiff hereby incorporates by reference all allegations contained within paragraphs 1 through 12.

14.     Pursuant to the terms of its bond, Acuity is liable to L&W in the principal amount of $128,545.72, plus interest from the date of the claim.

## COUNT II - VIOLATION OF KRS 304.12-230

15.     Plaintiff hereby incorporates by reference all allegations contained within paragraphs 1 through 14.

16.     Acuity has violated KRS 304.12-230(2), (5), (6), and (14).

17.     Acuity is liable to L&W for these breaches through the application of KRS 446.070.

2

WHEREFORE, having stated its claim against Acuity, L&W respectfully requests the following:

1.  For judgment for compensatory and punitive damages in an amount in excess of the jurisdictional limits of this Court;

2.  For leave to file an Amended Complaint upon completion of reasonable discovery;

3.  For trial by jury on all issues so triable; and

4.  For all other relief to which L&W now and hereinafter appears to be entitled.

Respectfully submitted,

JOHN H. DWYER, JR.
LAURENCE J. ZIELKE III
Pedley Zielke Gordinier & Pence, PLLC
462 South Fourth Avenue
2000 Meidinger Tower
Louisville, Kentucky 40202
502.589.4600

*Counsel for L&W Supply Corporation d.b.a Acoustical & Drywall Supply f/k/a Tri-State Drywall Supply*