UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

STAR CONSTRUCTION, INC., et al.     PLAINTIFFS

V.     NO. 3:03CV-512-S

INTERNATIONAL FIDELITY INSURANCE COMPANY, et al.     DEFENDANTS

**ORDER**

On Tuesday, September 21, 2004, counsel for one of the plaintiffs, L&W Supply Corporation, and counsel for one of the defendants, Acuity, appeared before the court by telephone to discuss Acuity's motion to compel the depositions of Acuity's counsel and for production of certain documents, as well as L&W's request for an extension of the discovery deadlines (*see* docket no. 28).  Pursuant to the court's order dated September 8, 2004, Acuity's request for an extension of the discovery deadlines is moot. In addition, Acuity did not object in its response to L&W's request that it be compelled to produce documents related to certain custom order work performed on the underlying construction project.  Thus, the only remaining issue for the court to decide is whether L&W may depose Acuity's counsel.

After hearing the arguments of counsel, and considering the arguments raised in the parties' pleadings, the court has decided that Acuity's counsel may be deposed.  This is not a decision that the court has reached easily, or without any reservation.  As a general rule, and for good reason, attorneys should be free to represent their clients without fear of becoming fact witnesses, and the court is loathe to issue any rulings that would chip away at that general rule.  Nevertheless, this is a diversity action, and the court is mindful of the Kentucky Supreme

Court's decision in *Riggs v. Schoering*, 822, S.W.2d 414 (Ky. 1991), which appears to be directly on point and permits L&W to take Acuity's attorney's depositions regarding communications between them and L&W's employees or representatives. The court is also mindful of the need to prevent overreaching beyond the scope of *Riggs*, however, and will therefore take the unusual step of requiring that the depositions be taken in the federal courthouse in the presence of the magistrate judge. This should prevent unnecessary and inappropriate questions from being asked, generally streamline the whole proceeding, and thereby minimize the inconvenience to Acuity's counsel.

**WHEREFORE, IT IS HEREBY ORDERED** that Acuity's motion to compel the depositions of L&W's attorneys (docket no. 28) is **GRANTED,** with certain conditions imposed. On **October 5, 2004, at 2:00 p.m.**, John H. Dwyer, Jr. and Laurence J. Zielke, III, shall appear in the Judge's Library on the second floor of the United States Courthouse to have their depositions taken regarding their communications and negotiations with Acuity that gave rise to L&W's claim under the Unfair Claims Settlement Practices Act. The undersigned magistrate judge will be present for those depositions and will carefully guard against any attempts to intrude upon the attorney-client privilege.

**IT IS FURTHER ORDERED** that Acuity's motion for an extension of the discovery deadlines (docket no. 28) is **DENIED AS MOOT**, but that its motion to compel the production of documents pertaining to certain custom order work (docket no. 28) is **GRANTED.** L&W shall, within 20 days following the date on which this order is entered, produce to counsel for Acuity copies of all documents in its possession (subject only to good faith claims of privilege) previously requested by Acuity with respect to custom order work performed by L&W. Acuity's

request for attorney fees and costs incurred in making its motions is **DENIED.**

cc: counsel of record